FRANK P. CRAWFORD v. RALPH BERRY

[No. 1-1076A195. Filed September 26, 1977.]

*Eric A. Frey, Rosenfeld, Wolfe, Frey & Lowery*, of Terre Haute, for appellant.

*Robert L. Wright, Berry, Wright & Shagley*, of Terre Haute, for appellee.

LYBROOK, J.—Frank P. Crawford, defendant-appellant, brings this appeal following entry of judgment in favor of Ralph Berry, plaintiff-appellee.

The facts most relevant to this appeal indicate that both Crawford and Berry were candidates for the Democratic nomination for the office of Judge of the Vigo Circuit Court in the May 4, 1976 primary election. The initial results of the election indicated that Crawford had won, but the official tallies showed Berry to be the winner by approximately 100 votes. On May 7, 1976, Berry filed his petition requesting a complete recount and filed the appropriate cash bond. On May 20, 1976, Crawford filed a Special Answer and Cross-Petition which contained the following three counts: (I) he also requested a complete recount; (II) he requested that the election of Berry be set aside and that he be declared the official candidate. Coupled with the second allegation was a request to contest the election pursuant to IC 1971, 3-1-27-5 (Burns Code Ed.). (III) He alleged in Count III that corrupt practices had occurred surrounding the election and he requested an inquiry pursuant to IC 1971, 3-1-30-13 (Burns Code Ed.).

Berry subsequently filed a Motion to Dismiss Count II which

was ultimately granted. Following the report of the recount commissioners, Berry was declared the lawfully nominated candidate and Crawford was ordered to pay all recount costs.

The trial court further ordered both parties to submit affidavits relating to Count III and the alleged corrupt practices. Following the submission of the affidavits the trial court granted Berry's Motion for Summary Judgment on the corrupt practices count.

On the above facts, Crawford presents the following issues for our review:

(1)  Did the trial court err in the construing of IC 1971, 3-1-27-5 (Burns Code Ed.) when taken in conjunction with IC 1971, 3-1-28-4 (Burns Code Ed.) and thus erroneously dismiss appellant's election contest?

(2)  Did the trial court err by assessing all recount costs against Crawford?

(3)  Did the trial court commit error by granting a Summary Judgment when material questions of fact existed as to Count III of Crawford's Special Answer and Cross-Petition?

It is Crawford's contention that Count II of his petition should not have been dismissed because it was brought pursuant to IC 1971, 3-1-27-5 (Burns Code Ed.) and not IC 1971, 3-1-28-4 (Burns Code Ed.). However, an examination of the relevant statutes makes a meritorious resolution of this question unnecessary.

Crawford contends that a 25 day statute of limitations applies when acting under IC 1971, 3-1-27-3 in requesting a recount. A careful reading of that statute reveals that only the candidate who, on the face of the election returns, is elected may file a cross-petition within 25 days of the election. The statute just as clearly states that all other petitions for recounts must be filed within 15 days of the election.

It is undisputed that the election was held May 4, 1976, and Crawford filed his Special Answer and Cross-Petition on May 20, 1976, or 16 days after the election. It is therefore immaterial

whether the petition was for recount or contest [pursuant to either IC 1971, 3-1-27-3 (Burns Code Ed.) or IC 1971, 3-1-28-4 (Burns Code Ed.)] because both statutes required Crawford to act within 15 days. He failed to timely act and the trial court correctly dismissed Count II of Crawford's Cross-Petition.

## II.

In light of our holding as to issue I, it is clear that the costs of the recount should not have been assessed against Crawford. The document he filed, which requested a recount, was ineffective as it was barred by the statute of limitations. Since Crawford's Cross-Petition could not lawfully set the recount machinery in motion he should not be assessed with the costs of the recount procedure.

The order of the trial court assessing the costs of the recount against Crawford is hereby reversed and remanded for such further action as may be appropriate.

## III.

Crawford next charges reversible error was committed by the trial court when it granted Berry's Motion for Summary Judgment on Crawford's allegation of corrupt practices which had been made pursuant to IC 1971, 3-1-30-1 et. seq. (Burns Code Ed.). The procedure to be followed by the trial court is specified by IC 1971, 3-1-30-13 (Burns Code Ed.) as follows:

\* \* \*

"If the court, upon the affidavit or affidavits filed with such petition, or upon and after such preliminary hearing, as it may see fit to institute, including such notice and representation to the party or parties named as the defendant or defendants in said petition as the ends of justice may require, shall be satisfied that the purpose of this article and the interests of public justice require further proceedings upon such petition and against the party or parties named as defendant or defendants therein, it shall order such reasonable notice of such petition, or of such further proceedings, to be given the defendant or defendants, and require him or them to answer, show cause or otherwise defend as the court may deem just and reasonable, upon the petitioners giving security for costs in such

sum of money as the court shall deem reasonable. Such petition shall be tried without a jury, unless any of the parties thereto shall elect to have the same tried by a jury. The case shall, if possible, be tried within sixty [60] days from the date such petition may be filed, and when a jury trial is demanded by any of the parties to such petition, the jury shall try it, and if the jury shall have been dismissed, the court shall recall said jury for the purpose of trying said case."

* * *

We believe that a fair reading of the above statute indicates that the legislature intended that the trial court should act in a preliminary screening capacity when dealing with an allegation of corrupt practices in an election. It appears that the trial court is to conduct whatever preliminary hearing it feels is necessary to determine if the facts are such as to justify further investigation into the allegations. In the case at bar the trial court received and reviewed affidavits from both parties. The trial court specifically offered the appellant an opportunity to present oral testimony at a preliminary hearing, and that offer was refused. The trial court specifically held that no triable fact issues were presented which would have supported a charge of corrupt practices by Berry or anyone on the committee to elect Ralph Berry. In essence, the trial court performed the preliminary screening and investigatory function which the statute required; and the trial court held that the purpose of the act and the interests of the public would not be served by holding further proceedings.

The appellant relies heavily on the traditional standards employed in reviewing the granting of a Motion for Summary Judgment. While it may be true that the trial court and the appellee referred to the motion as one for summary judgment, we do not believe that the traditional summary judgment standards can be applied as the motion was not truly one asking for summary judgment. While the motion was delineated as one for summary judgment, in reality it was a request for a finding by the trial court in its preliminary screening role. The trial court must be allowed some latitude when performing a fact finding task and we can find no manifest abuse of the fact finding role which the

legislature imposed on the trial court in corrupt election practice cases. We therefore find no error by the trial court in denying further proceedings on the corrupt practices allegation.

Cause remanded to the trial court for the purpose of reassessing the costs of the recount to petitioner Berry; all other court costs shall be taxed to respondent Crawford.

In all other respects, the judgment of the trial court is affirmed.

Robertson, C.J. and Lowdermilk, J. concur.

NOTE—Reported at 367 N.E.2d 1095.